Paul R. Kiesel, Esq. (SBN 119854)
Kiesel@kbla.com
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Telephone:  (310) 854-4444
Facsimile:  (31) 854-0812

Paul O. Paradis
Gina M. Tufaro
Alexandra L. Sims
Mark A. Butler
HORWITZ, HORWITZ & PARADIS,
ATTORNEYS AT LAW
570 Seventh Avenue, 20th Floor
New York, NY 10018
Telephone:  (212) 986-4500
Facsimile:  (212) 986-4501

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MERYL OVERTON, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br>**v.**<br><br>**BIRDBRAIN INC.,**<br>**A Michigan Corporation.**<br><br>**Defendant.** | **CASE NO.: SACV11-1054**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND TO STRIKE**<br><br>**Hearing Date:  March 5, 2012**<br>**Time:  8:30 a.m.**<br><br>**JUDGE David O. Carter**<br>**Courtroom:  9D, Santa Ana** |

# **TABLE OF CONTENTS**

INTRODUCTION ....................................................................................... 1

SUMMARY OF THE ARGUMENT ........................................................... 1

STATEMENT OF FACTS .......................................................................... 4

ARGUMENT ............................................................................................... 6

I.   LEGAL STANDARD ...................................................................... 6

II.  PLAINTIFF HAS SUFFICIENT STANDING UNDER
     ARTICLE III TO PURSUE THIS ACTION .................................. 7

III. PLAINTIFF'S CLAIMS ARE NOT MOOT ................................ 10

IV.  PLAINTIFF'S CLRA, UCL AND FAL CLAIMS MEET
     RULE 9(B)'S PLEADING STANDARD ...................................... 13

   a.   Pleading Requirements For CLRA and UCL Claims ............... 15

   i.   Plaintiff Has Alleged An Actionable Omission That
        Defendant Was Obligated To Disclose .................................... 16

   ii.  Defendant Was Obligated To Disclose The Material
        Information That Use of Fuel Gel Can Result In Vapor
        Flash Fires ............................................................................... 17

   iii. Plaintiff's Reliance On Bird Brain's Omission Is Presumed
        Because The Fact That Use Of Fuel Gel Can Result In
        Vapor Flash Fires Is A Material Fact ...................................... 18

V.   PLAINTIFF HAS STATED A CLAIM FOR UNJUST
     ENRICHMENT ............................................................................. 20

VI.  DEFENDANT'S MOTION TO STRIKE SHOULD BE
     DENIED IN ITS ENTIRETY ....................................................... 21

CONCLUSION.......................................................................................... 23

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Apple Inc. v. Samsung Elecs. Co.*,
 No. 11-CV-01846-LHK, 2011 U.S. Dist. LEXIS 120416 (N.D. Cal. Oct.
 18, 2011) ............................................................................................................ 3

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009) ...................................................................................... 14

*Baggett v. Hewlett Packard-Co.*,
 582 F. Supp. 2d 1261 (C.D. Cal. 2007) ............................................................ 14

*Balistreri v. Pac. Police Dept.*,
 901 F.2d 696 (9th Cir. 1990) ............................................................................... 7

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ............................................................................... 6, 13, 14

*Bly-Magee v. California*,
 236 F.3d 1014 (9th Cir. Cal. 2001) ................................................................... 14

*Briehl v. Gen. Motors Corp.*,
 172 F.3d 623 (7th Cir. 2002) ............................................................................. 15

*Bureerong v. Uvawas*,
 922 F. Supp. 1450 (C.D. Cal. 1996) ................................................................. 21

*Cartwright v. Viking Indus.*,
 No. 2:07-CV-02159-FCD-EFB, 2009 U.S. Dist. LEXIS 83286 (E.D. Cal.
 2009) .................................................................................................................. 16

*Cole v. General Motors Corp.*,
 484 F.3d 717 (5th Cir. 2007) ............................................................................... 8

*Dana Corp. v. Blue Cross & Blue Shield Mut. Of N. Ohio*,
 900 F.2d 882 (6th Cir. 1990) ............................................................................. 13

*Falk v. GMC,*
 496 F. Supp. 2d 1088 (N.D. Cal. 2007) ....................................................... 17, 18

*Fantasy, Inc. v. Fogerty,*
 984 F.2d 1524 (9th Cir. 1993) ........................................................................ 21

*Friends of Earth, Inc. v. Laidlaw Environmental Services, Inc.,*
 528 U.S. 167 (2000) ..................................................................................... 8, 15

*Germaine Music v. Universal Songs of Polygram,*
 275 F. Supp. 2d 1288 (D. Nev. 2003) ............................................................. 21

*Gilligan v. Jamco Dev. Corp.,*
 108 F.3d 246 (9th Cir. 1997) ............................................................................ 6

*Goya Foods, Inc. v. Tropicana Products, Inc.,*
 846 F.2d 848 (2d Cir. N.Y. 1988) ................................................................... 13

*Guerrero v. Gates,*
 442 F.3d 697 (9th Cir. 2006) ............................................................................ 7

*Harrington v. Daiso Japan,*
 No. 10-3876 SC, 2011 U.S. Dist. LEXIS 57354 (N.D. Cal., May 26,
 2011) ................................................................................................................ 12

*In re Bridgestone/Firestone, Inc.,*
 288 F.3d 1012 (7th Cir. 2002) ........................................................................ 15

*In re Facebook PPC Advertising Litig.,*
 709 F. Supp. 2d 762 (N.D. Cal. 2010) ............................................................ 20

*In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices & Prods.
 Liab. Litig.,*
 No. SAML 10-02172-CJC(RNBx), 2011 U.S. Dist. LEXIS 110206 (C.D.
 Cal. Sept. 12, 2011) ........................................................................................ 11

*In re Toyota Motor Corp., Unintended Accelertion Mktg., Sales Practices,
 & Prods. Liab. Litig.,*
 790 F. Supp. 2d 1152 (C.D. Cal. 2011) .......................................................... 14

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

iii

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices,*
    *& Prods. Liab. Litig.*,
    754 F. Supp. 2d 1145 (C.D. Cal. 2010)...........................................................7, 18

*Kearney v. Hyundai Motor Co.*
    SACV  09-1298, 2010 U.S. Dist. LEXIS 68242, at *28 (C.D. Cal. June 4,
    2010)...................................................................................................................15

*Keilholtz v. Lennox Hearth Products, Inc.*,
    268 F.R.D. 330 (N.D. Cal. 2010) .................................................................8, 20

*LeDuc v. Kentucky Cent. Life Ins. Co.*,
    814 F. Supp. 820 (N.D. Cal. 1992)..................................................................22

*Lipton v. Pathogenesis Corp.*,
    284 F.3d 1027 (9th Cir. 2002) ...........................................................................7

*Lozano v. AT & T Wireless Services, Inc.*,
    504 F. 3d 718 (9th Cir. 2007) ...........................................................................15

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .........................................................................2, 7, 8, 9

*Martin v. Ford Motor Co.*,
    765 F. Supp. 2d 673 (E.D. Pa.. 2011)..............................................................12

*Mayo v. Gomez*,
    32 F.3d 1382 (9th Cir. 1994) ..............................................................................6

*McConnell v. Fed'l Election Comm'n*,
    450 U.S. 93 (2003) ..............................................................................................7

*Nordberg v. Trilegiant Corp.*,
    445 F. Supp. 2d 1082 (N.D. Cal. 2006) ...........................................................20

*Perrey v. Televisa S.A. de C.V.*,
    2010 U.S. Dist. Lexis 142449 (C.D. Cal. 2010) ..............................................21

*Plascencia v. Lending 1st Mortgage*,
  259 F.R.D. 437 (N.D. Cal. 2009) ..................................................... 19

*Postier v. Louisiana-Pacific Corp.*,
  Case No. C-09-3290, 2009 U.S. Dist. LEXIS 95060 (N.D. Cal. Oct. 13,
  2009) ..................................................................................................... 11

*Raines v. Byrd*,
  521 U.S. 811 (1997) ............................................................................. 7

*Rivera v. Wyeth-Ayerst Laboratories*,
  283 F.3d 315 (5th Cir. 2002) ......................................................... 9, 10

*San Diego Cnty. Gun Rights Comm. v. Reno*,
  98 F.3d 1121 (9th Cir. 1996) ............................................................... 8

*Shein v. Canon U.S.A., Inc.*,
  Case No. 08-cv-7323, 2010 U.S. Dist. LEXIS 91160 (C.D. Cal. Aug. 10,
  2010) ..................................................................................................... 19

*Shin v. BMW of North America, et al.*,
  Case No. CV 09-00398 AHM, 2009 U.S. Dist. LEXIS 67994 (C.D. Cal.
  July 16, 2009) ....................................................................................... 17

*Smith v. Ford Motor Co.*,
  Case No. C-06-000497 MMC, 2010 U.S. Dist. LEXIS 95122 (N.D. Cal.
  Sept. 13, 2010) ..................................................................................... 18

*Stearns v. Ticketmaster Corp.*,
  655 F.3d 1013 (9th Cir. 2011) ........................................................... 16

*United States v. City of Redwood City*,
  640 F.2d 963 (9th Cir. 1981) ............................................................... 7

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. Cal. 2003) ............................................... 14, 19

*Whitson v. Bumbo*,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

v

Case No. C 07-05597 MHP, 2009 U.S. Dist. LEXIS 32282 (N.D. Cal. Apr. 16, 2009) ........................................................................................ 9, 10, 15

*Williams v. Purdue Pharma Co.*,
  297 F. Supp. 2d 171 (D.D.C. 2003) ........................................................... 9, 10

**STATE CASES**

*Daugherty v. American Honda Motor Co., Inc.*
  144 Cal. App. 4th 824 (2006) .................................................................. 15, 18

*Hale v. Sharp Healthcare*
  183 Cal. App. 4th 1373, 1383 (2010) ........................................................... 8

*Ghirardo v. Antonioli*,
  14 Cal. 4th 39 (1996) ................................................................................ 20

*Hirsch v. Bank of America*,
  107 Cal. App. 4th 708 (2003) .................................................................... 20

*Kwikset Corp. v. Super. Ct.*,
  51 Cal. 4th 310 (2011) ............................................................................ 2, 8

*LiMandri v. Judkins*,
  52 Cal. App. 4th 326 (1997) ...................................................................... 17

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

Fed. R. Civ. P. 9(b) ..................................................................... 13, 14, 18, 19

Fed. R. Civ. P. 12(b)(6) ................................................................................ 6, 7

Fed. R. Civ. P. 12(f) ...................................................................................... 21

**STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

Cal. Bus. & Prof. Code § 17200 ..................................................................... 15

Cal. Bus. & Prof. Code § 17500 ..................................................................... 16

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

1

Cal. Civ. Code § 1770 (a) .......................................................................... 15

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

# **INTRODUCTION**

Plaintiff Meryl Overton ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendant Bird Brain, Inc.'s ("Defendant" or "Bird Brain") Motion to Dismiss and to Strike Plaintiff's First Amended Complaint ("Defts' Br.").

# **SUMMARY OF THE ARGUMENT**

Plaintiff alleges that Defendant Bird Brain failed to disclose certain relevant information on the labels of its fuel gel, a highly explosive, pourable gel fuel that is used in connection with firepots and other decorative lighting devices (the "Fuel Gel"). In certain circumstances, when a user attempts to pour additional Fuel Gel into a seemingly empty firepot, the Fuel Gel contained in the bottle can suddenly ignite, resulting in an explosive vapor flash fire that projects flaming, sticky Fuel Gel in a wide radius. Fuel Gel vapor flash fires can cause and, have caused, severe injuries, including third-degree burns and death. FAC, ¶¶ 2-4, 14-18.

Defendant's knowledge of the dangerous nature of Fuel Gel is well documented. In particular, the Material Safety Data Sheet for Fuel Gel specifically states that Fuel Gel will become invisible at certain temperatures. FAC, ¶ 21.

Despite Defendant's knowledge of the serious danger posed by the Fuel Gel, however, Defendant failed to disclose the following material facts on the labels of its Fuel Gel bottles: (i) Fuel Gel will produce a flame that cannot be seen; and (ii) pouring additional Fuel Gel onto a burning, invisible flame will result in a vapor flash fire. FAC, ¶¶ 21-22.

Defendant continued its deception beyond its labels. On August 11, 2011, in the midst of an investigation by the Consumer Product Safety Commission ("CPSC") into the dangers of, among other things, Fuel Gel, Defendant composed and distributed its "Message to Consumers" in which it knowingly misrepresented to consumers that "**Fuel Gel products are safe, with an exemplary safety track**

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

1    **record built over years of consumer experience nationwide**."  FAC, ¶¶ 39-42.

2    (Emphasis added).   Nowhere in the "Message to Consumers" did Defendant

3    disclose that: (i) Fuel Gel will produce a flame that cannot be seen; and (ii) pouring

4    additional Fuel Gel onto a burning, invisible flame will result in a vapor flash fire.

5         Had Plaintiff been aware of the material facts that Defendant failed to

6    disclose, Plaintiff would not have purchased the Fuel Gel.  FAC, ¶ 54.

7         These allegations plainly state a claim for violations of the California

8    Consumers Legal Remedies Act, the California Business and Professions Code and

9    California's False Advertising Law.

10        Despite the clarity of Plaintiff's allegations, Defendant proffers four

11   arguments in its effort to persuade this Court that it should grant Defendant's

12   motion to dismiss and to strike Plaintiff's First Amended Complaint.

13        First, Defendant argues that Plaintiff failed to allege that she has suffered

14   any injury in fact because she has not alleged any physical injury to herself

15   resulting from an explosion of Fuel Gel.   Defendant, however, conveniently

16   ignores the fact that "lost money or property – economic injury – is itself a form of

17   injury in fact." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 323 (2011).  Notably,

18   a sustained physical injury is not a requisite for standing under Article III.  Thus,

19   Plaintiff has adequately satisfied the Article III standing requirement of injury in

20   fact, as set forth by the Supreme Court in *Lujan v. Defenders of Wildlife*, 504 U.S.

21   555, 561 (U.S. 1992).

22        Second, Defendant alleges that, in light of a limited voluntary "recall and

23   refund program" put in place by Bird Brain, in conjunction with the Consumer

24   Products Safety Commission (the "CPSC") (the "Voluntary Recall"), Plaintiff's

25   claims have been rendered moot.  Plaintiff, however, has extensively alleged that

26   the Voluntary Recall is wholly inadequate for several reasons.  First, the Voluntary

27   Recall is limited to only certain members of the putative Class who still possess

28   unused Fuel Gel in the original container.  Refunds will not be given for past

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

2

purchases where Fuel Gel was consumed, discarded, or otherwise not available for shipment back to Bird Brain.  Second, the Voluntary Recall does not require Bird Brain to include disclosures on its labels, which lie at the very heart of Plaintiff's claims, namely that (a) Fuel Gel will produce a flame that cannot be seen; and (b) pouring additional Fuel Gel onto a burning, invisible flame will result in a vapor flash fire.  Third, the Voluntary Recall only calls for a limited cessation of sales by Bird Brain and does not prohibit all future sales until Bird Brain provides adequate disclosures on the labels of its Fuel Gel.   FAC, ¶¶ 55, 57-58.  In short, nothing about this limited Voluntary Recall moots Plaintiff's claims.

Defendant's third argument claims that Plaintiff does not plead her claims with particularity.  However, even a cursory review of Plaintiff's complaint makes apparent that Plaintiff has pleaded her claims with enough specificity to place Defendant on notice of the misconduct of which Plaintiff is complaining so that it may defend against it.  *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2011 U.S. Dist. LEXIS 120416, at *11 (N.D. Cal. Oct. 18, 2011).

Fourth, Defendant contends that California law fails to recognize unjust enrichment as a cause of action.  Despite Defendant's urging to the contrary, California courts have upheld claims for unjust enrichment and restitution.

Finally, Defendant's motion to strike requests that this Court strike, as irrelevant and scandalous, certain factual statements found within Plaintiff's FAC, namely paragraphs 26-38.  These allegations, as demonstrated herein, and in the FAC, are not "irrelevant and scandalous," but bear directly on Plaintiff's claims and the relief requested.   Accordingly, Defendant's motion to strike must be denied.

For the abovementioned reasons, and, as set forth below, Defendant's motion to dismiss and to strike should be denied.

## STATEMENT OF FACTS

Bird Brain manufactures and sells Fuel Gel, a pourable gel fuel used to fuel firepots and other decorative lighting devices.   Fuel Gel is sold to consumers throughout the State of California through various retailers, including Home Depot, Target, K-Mart, Sears, Ace Hardware, Cabela's, Lowe's and Sam's Club. FAC, ¶¶ 1, 14.

To use the Fuel Gel, a consumer must pour the Fuel Gel into a deep and narrow steel cup in the center of a firepot or other decorative lighting device and ignite the Fuel Gel with a match or lighter.   Due to the chemical make-up of Fuel Gel, when a certain amount of Fuel Gel is consumed, the flame will continue to burn, but will no longer be visible.   Because the burning flame is virtually "invisible," consumers believe that they must replenish and re-ignite the Fuel Gel. However, when a consumer places an open Fuel Gel bottle near the invisible flame to replenish the Fuel Gel, the invisible flame can suddenly, and without warning, ignite the vapors emitting from the Fuel Gel bottle, resulting in a vapor flash fire. FAC, ¶¶ 15-18.

Vapor flash fires can result, and have resulted, in devastating bodily injury. For example, on June 30, 2011, an Illinois man was attending a party when a nearby party guest attempted to refuel a firepot with the Fuel Gel when the firepot appeared to be empty.   The firepot was, in fact, not empty, and the remaining Fuel Gel continued to burn with an invisible flame causing a vapor flash fire, spraying burning Fuel Gel onto the Illinois man.   As a result, the man sustained injuries that warranted a two day stay in intensive care and a four day stay in a burn unit.   FAC, ¶¶ 19-20, 26.   According to the CPSC, fuel gel fires have caused at least two deaths and sixty serious injuries thus far.

Bird Brain, as the manufacturer and distributor of Fuel Gel, has long been aware of Fuel Gel's chemical composition and its propensity for vapor flash fires. FAC, ¶¶ 19-20.   In fact, the Material Safety Data Sheet for Fuel Gel lists the

flashpoint of Fuel Gel as 70ºF, the temperature at which the vapor of Fuel Gel will ignite, and states "the substance burns with almost invisible flame."  FAC, ¶ 21.

Bird Brain has had actual notice of the unsafe nature of its Fuel Gel from its very knowledge of the chemical composition of its Fuel Gel, publicly recorded personal injury incidents, including the one reported in the Seattle Times in June of 2011, and two personal injury lawsuits arising out of devastating personal injuries caused by Fuel Gel.  FAC, ¶¶ 21, 24-25, 26.   Despite Defendant's knowledge of the foregoing material information, Defendant's label fails to disclose to consumers that (i) Fuel Gel will produce a flame that cannot be seen; and (ii) pouring additional Fuel Gel onto a burning invisible flame will result in a vapor flash fire.  FAC, ¶ 22.

Plaintiff would not have purchased Fuel Gel had Bird Brain disclosed the fact that: (i) Fuel Gel will produce a flame that cannot be seen; and (ii) pouring additional Fuel Gel onto a burning invisible flame will result in a vapor flash fire.  FAC, ¶ 54.  As a result of Bird Brain's failure to disclose this material information, Plaintiff was misled into purchasing an incredibly dangerous product.

Although Bird Brain could have disclosed the true dangers associated with its Fuel Gel at a period prior to the filing of this action, Bird Brain chose to issue its Message to Consumers which misrepresented the safety of Fuel Gel.   The Message to Consumers stated in relevant part: "Fuel Gel products are safe, with an exemplary safety track record built over years of consumer experience nationwide."   FAC, ¶¶ 39-42.   Bird Brain's message, which reinforced the deception arising out of its failure to disclose, also failed to disclose the true dangers associated with the invisible flame created by its Fuel Gel, despite Defendant's knowledge of the fact that:  (i) Fuel Gel will produce a flame that cannot be seen; and (ii) pouring additional Fuel Gel onto a burning, invisible flame will result in a vapor flash fire.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

1   Despite Defendant's "Message to the Consumers," which falsely lulled
2   consumers into a sense of security, Plaintiff forged ahead with this action seeking
3   to hold Defendant liable for its failure to disclose the dangerous nature of Fuel Gel.
4   On September 1, 2011, however, after having touted the safety of the Fuel Gel and
5   proclaiming that Fuel Gel had an "exemplary safety track record," Bird Brain
6   suddenly reversed course and instituted the limited Voluntary Recall.   Such
7   actions stand in pale contract to its representations made only weeks earlier in the
8   "Message to Consumers."   In all actuality, it was only after Plaintiff's continued
9   litigation efforts that Defendant in an apparent, but not complete about-face,
10  commenced its inadequate Voluntary Recall.

11      Accordingly, in light of the fact that Defendant failed to disclose material
12  information relating to the safety of the Fuel Gel, and in light of the fact that
13  Plaintiff has alleged that the Voluntary Recall, which was brought about only due
14  to Plaintiff's litigation efforts, is inadequate, Plaintiff respectfully requests that this
15  Court deny Defendant's Motion to Dismiss and Strike in its entirety.

16
17                                **ARGUMENT**
18
19  **I.  LEGAL STANDARD**
20      To survive a motion to dismiss for failure to state a claim, a plaintiff must
21  allege "enough facts to state a claim to relief that is plausible on its face." *Bell*
22  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The issue on a motion to
23  dismiss for failure to state a claim is not whether the claimant will ultimately
24  prevail, but whether the claimant is entitled to offer evidence to support the claims
25  asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997).   When
26  evaluating a Rule 12(b)(6) motion, the district court must accept all material
27  allegations in the complaint as true and construe them in the light most favorable
28  to the non-moving party.  *Mayo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

The court should consider "whether the total of plaintiffs' allegations…are sufficient." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1038 (9th Cir. 2002). Dismissal pursuant to Rule 12(b)(6) is proper only when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pac. Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006). Dismissals under Rule 12(b)(6) should be granted only in "extraordinary" cases. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

As demonstrated herein, dismissal is not proper under Rule 12(b)(6).

## II. PLAINTIFF HAS SUFFICIENT STANDING UNDER ARTICLE III TO PURSUE THIS ACTION

Plaintiff's allegations demonstrate that Plaintiff satisfies Article III's standing requirement. Article III standing is comprised of three elements: (i) an injury in fact, that is an invasion of a legally protected interest that is both "concrete and particularized," and "actual or imminent;" (ii) a causal connection between the injury and the conduct complained of; and (iii) the injury will be redressed by a favorable court decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). *See also McConnell v. Fed'l Election Comm'n*, 450 U.S. 93, 225-226 (2003); *Raines v. Byrd*, 521 U.S. 811, 819 (1997).

Defendant contends that Plaintiff has failed to "allege that she (or any of the putative class members) has actually been harmed by Fuel Gel," and, absent an injury, Defendant argues that Plaintiff lacks standing under Article III. Deft's Brief at 2. Despite Defendant's contentions, Plaintiff need not allege a physical injury in order to satisfy Article III. Plaintiff alleges an economic injury, which, as recognized by this District, is sufficient to confer standing and to satisfy the concrete and particularized injury-in-fact requirement for standing under Article III. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices,*

& *Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1163-1164 (C.D. Cal. 2010). *See also Cole v. General Motors Corp.*, 484 F.3d 717, 722-723 (5th Cir. 2007) (court held that for standing purposes, it is sufficient that the plaintiff seeks recovery for an economic harm that they allege they have suffered); *Friends of Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 183-184 (2000) (economic harm is among the bases for injury in fact).

In particular, Plaintiff alleges that she has suffered an economic injury in the form of "lost money and property" as a result of Defendant's conduct, which "is itself a classic form of injury in fact" that satisfies Article III standing. FAC, ¶¶ 53-58, 88. *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 323 (2011). *See also Hale v. Sharp* Healthcare, 183 Cal. App. 4th 1373, 1383 (2010) (For the purposes of federal standing, it is sufficient to allege some specific, "identifiable trifle" of injury). Plaintiff alleges that she paid money for the Fuel Gel *as a result of* Defendant's omissions. FAC, ¶¶ 54, 73-76, 87-88, 91-95, 98-101. Had Plaintiff been aware of the material omissions prior to her purchase of the Fuel Gel, she would not have purchased the Fuel Gel. FAC, ¶¶ 54, 76, 85, 91-93, 98-101. In other words, Plaintiff paid money for a product which she would not have purchased but for Defendant's critical omissions. These allegations are sufficient to confer Article III standing. *Keilholtz v. Lennox Hearth Products, Inc.*, 268 F.R.D. 330, 335-336 (N.D. Cal. 2010) (holding that plaintiffs satisfied Article III and suffered injury because they alleged that they would not have purchased product had they known of the danger it posed at the time of purchase). *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1130 (9th Cir. 1996) ("economic injury is clearly a sufficient basis for standing").

Furthermore, Plaintiff has sufficiently alleged the "causal connection between the injury and the conduct complained of" to satisfy this element of the Article III standing requirement. *Lujan*, 504 U.S. 555, 560-561. Specifically, Plaintiff has alleged that she has suffered economic loss resulting from the material

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

information omitted by Defendant regarding the Fuel Gel.  FAC, ¶¶ 53-58, 73-76, 87-88, 91-94, 98-101.

For there to be a causal connection between the injury and the conduct complained of, the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560.   Plaintiff's FAC clearly establishes that Defendant had knowledge that: (i) Fuel Gel will produce a flame that cannot be seen; and (ii) pouring additional Fuel Gel onto a burning, invisible flame will result in a vapor flash fire, but failed to disclose this information adequately on the label of its Fuel Gel.  FAC, ¶¶ 5, 19-23, 72-75, 87, 91-94, 98-99.  Plaintiff alleges that this omission is material because a vapor flash fire can cause devastating bodily injury, and, had Plaintiff known of this material information, she would not have purchased the Fuel Gel.  FAC, ¶¶ 23, 54, 75-76, 85, 91-94, 100-101.   In this way, Plaintiff has established the causal connection between the conduct complained of, namely, Defendant's material omissions, and her economic injury.

Defendant cites to *Whitson v. Bumbo, Rivera v. Wyeth-Ayerst Laboratories* and *Williams v. The Purdue Pharma Co.*, which are all distinguishable from the case at bar.  In all three cases, the courts found that the plaintiffs lacked Article III standing because none of the plaintiffs had pled the crucial element of "causation."  *Whitson v. Bumbo*, Case No. C 07-05597 MHP, 2009 U.S. Dist. LEXIS 32282, at *12-*13 (N.D. Cal. Apr. 16, 2009), *Rivera v. Wyeth-Ayerst Laboratories*, 283 F.3d 315, 319, 321 (5th Cir. 2002); *Williams v. Purdue Pharma Co.*, 297 F. Supp. 2d 171, 176-177 (D.D.C. 2003).

For example, in *Whitson*, the plaintiff alleged that the product at issue, a child's seat, was defective, that the defendant made a series of misrepresentations regarding the seat, and as a result of the defect, the seat was worth less than that which the plaintiff paid.  *Whitson* at *12.  The plaintiff in *Whitson,* however, never

alleged that any action taken by the defendant caused her to purchase the child's seat, the true source of her alleged injury. *Id.* Because the plaintiff failed to assert this critical allegation, i.e., causation, the *Whitson* court found that the plaintiff alleged only disconnected allegations and therefore, lacked Article III standing. *Id* at *18-*19. *See also Rivera* at 319, 321 (The court found that to establish causation, "plaintiffs must show that had Wyeth acted 'lawfully' (produced a safer drug or provided more extensive warnings), the physicians would not have prescribed – and the plaintiffs would not have purchased – Duract" but "plaintiffs had demonstrated neither injury nor causation"); *Williams* at 177 (court found that plaintiffs never alleged that defendants' actions caused them to purchase the drug, the source of their economic injury).

In contrast to *Whitson, Rivera* and *Williams*, here, Plaintiff has very clearly alleged the crucial element of causation. Plaintiff has alleged that had Defendant disclosed the material facts that: (i) Fuel Gel will produce a flame that cannot be seen; and (ii) pouring additional Fuel Gel onto a burning, invisible flame will result in a vapor flash fire, Plaintiff would not have purchased the Fuel Gel. FAC, ¶¶ 54, 76, 85, 91-93, 98-101. In asserting these allegations, Plaintiff makes it clear that her injury occurred as a result of Defendant's conduct, thereby bestowing upon her Article III standing.

Accordingly, Plaintiff has satisfied Article III's standing requirement.

## III.   PLAINTIFF'S CLAIMS ARE NOT MOOT

Defendant incorrectly contends that Plaintiff's CLRA, UCL and FAL claims for damages are rendered moot by the Voluntary Recall. Defendant is incorrect because Plaintiff has very clearly alleged that the Voluntary Recall, which was only commenced as a result of Plaintiff's litigation efforts, is wholly inadequate.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

1        While a plaintiff may maintain an action for damages under the CLRA,

2    Section 1782(b) of the CLRA provides that "[e]xcept as provided in subdivision

3    (c), no action for damages may be maintained under Section 1780 if an appropriate

4    correction, repair, replacement, or other remedy is given, or agreed to be given,

5    within a reasonable time, to the consumer within 30 days after receipt of the

6    notice."  Defendant contends that the Voluntary Recall constitutes an "appropriate

7    correction" of Plaintiff's claims, and therefore, renders Plaintiff's claims moot.

8    Plaintiff, however, alleges that the Voluntary Recall is inadequate for the following

9    reasons:  (i) the recall is limited to certain Members of the Class, despite the fact

10   that all Class Members have been damaged by Bird Brain's conduct; (ii) the recall

11   does not provide adequate disclosures as to the explosive nature of the Fuel Gel;

12   and (iii) the recall does not provide for a permanent cessation of the sale of Fuel

13   Gel.  FAC, ¶¶6, 49-52.  Because Plaintiff has alleged that the Voluntary Recall is

14   insufficient and does not rectify the wrongs of which Plaintiff complains, the

15   Voluntary Recall does not moot Plaintiff's CLRA, UCL and FAL claims.

16       This case is similar to *Postier v. Louisiana-Pacific Corp.,* Case No. C-09-

17   3290, 2009 U.S. Dist. LEXIS 95060 (N.D. Cal. Oct. 13, 2009).  In *Postier*, the

18   defendant argued that, due to a recall of its decking products, plaintiff's CLRA

19   claim for damages failed. In response, plaintiffs argued that they had challenged

20   the efficacy of the recall, as Plaintiff does, here.  The *Postier* court rejected the

21   defendant's argument and agreed that, because the plaintiffs had challenged the

22   efficacy of the recall, plaintiffs' claims survived. *Id.* at *11 ("Defendant's

23   argument is unpersuasive…whether the recall has provided Plaintiff with a suitable

24   remedy and whether it was done so within a reasonable time is in dispute and

25   cannot be decided on a 12(b)(6) motion.").  *See also In re Toyota Motor Corp.*

26   *Hybrid Brake Mktg., Sales Practices & Prods. Liab. Litig.,* No. SAML 10-02172-

27   CJC(RNBx), 2011 U.S. Dist. LEXIS 110206, at *20 (C.D. Cal. Sept. 12, 2011)

28   (rejecting defendant's argument that existence of a recall mooted plaintiffs' CLRA

and UCL claims and holding that the truth of whether the recall cured the defect in the Class Vehicles cannot be determined at the pleading stage.)  *See also Martin v. Ford Motor Co.*, 765 F. Supp. 2d 673, 682 (E.D. Pa., Feb. 15, 2011) (Where plaintiff challenged the adequacy of the recall and argued that the proposed solution would not remedy the defect in its entirety, and where the court had the ability to grant some remedy to plaintiff and class members, plaintiff's claims were not moot).

Defendant's reliance on *Harrington v. Daiso Japan*, No. 10-3876 SC, 2011 U.S. Dist. LEXIS 57354 (N.D. Cal., May 26, 2011) to support its argument that its inadequate Voluntary Recall moots Plaintiff's CLRA, UCL and FAL claims, is misplaced.  In *Harrington*, the plaintiffs commenced an action against defendants for violations of various consumer protection statutes in the State of California. After the complaint had been filed, in February of 2010, the CPSC commenced an action against defendant for violation of the Consumer Products Safety Act after collecting samples and performing safety tests on product samples which revealed that certain children's products and toys contained illegal levels of lead or posed a choking hazard.  As a result of this testing, Denso and the CPSC signed a Consent Decree in which Denso "agreed, inter alia, to retain an independent product safety coordinator to implement a comprehensive safety program; perform a retail-level recall of all defective and non-complying products, perform testing of its products; post consumer recall notices and contact consumers for whom Denso has contact information for, and pay a $2,050,000 civil penalty." *Id*. at *2-*3.  As a result of the widespread and formal recall of all defective and non-complying parts, the court found that plaintiffs' claims were sufficiently addressed and therefore rendered moot.  Unlike the case at hand, in *Harrington*, the plaintiffs never questioned the adequacy of the consumer recall.  Because the plaintiffs in *Harrington* did not allege that the recall at issue was inadequate, the court dismissed the plaintiffs' claims.

Because Plaintiff's allegations challenge the efficacy of the Voluntary Recall, unlike in *Harrington,* Defendant's argument that the Voluntary Recall moots Plaintiff's claims fails.

Further, Defendant argues that the CPSC, as a regulatory agency, is more appropriately suited to determine the adequacy of Bird Brain's label warnings, or lack thereof, and the danger its Fuel Gel poses to consumers, pursuant to the doctrine of primary jurisdiction.  Deft's Br. at 5.  Primary jurisdiction, however, is a narrow doctrine which is not applicable here.[1]

## IV.   PLAINTIFF'S CLRA, UCL AND FAL CLAIMS MEET RULE 9(B)'S PLEADING STANDARD __

Defendant incorrectly contends that all of Plaintiff's claims must fail because Plaintiff has failed to satisfy both the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),[2] and the heightened pleading standard under Fed. R. Civ. P. 9(b) for claims sounding in fraud.

---

[1]   Primary jurisdiction is a narrow doctrine concerned with promoting proper relationships between courts and administrative agencies charged with regulatory duties, and has been applied only when a lawsuit raises an issue involving technical questions of fact uniquely within the expertise and experience of an agency.  *Goya Foods, Inc. v. Tropicana Products, Inc.*, 846 F.2d 848, 851-852 (2d Cir. N.Y. 1988) (citing *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 304 (1976)).  Furthermore, courts have consistently declined to invoke the doctrine of primary jurisdiction when adjudicating fraud and deceit claims, as such claims "do not require agency expertise for their treatment because such claims are within the conventional expertise of judges."  *Dana Corp. v. Blue Cross & Blue Shield Mut. Of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990).  Here, Plaintiff's consumer fraud claims do not raise any issues that require special expertise.  As such, Plaintiff's claims fall squarely within the province of the Court.

[2]   Plaintiff has readily satisfied the standard set forth in *Twombly*, which requires that a plaintiff only allege "enough facts to state a claim to relief that is

1   Pursuant to Rule 9(b), Plaintiff "must state with particularity the
2   circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  It has been
3   established that to comply with Rule 9(b), allegations of fraud "must be 'specific
4   enough to give defendants notice of the particular misconduct which is alleged to
5   constitute the fraud charged so that they can defend against the charge and not just
6   deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d
7   1014 (9th Cir. Cal. 2001) (citing *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.
8   1993)).  "Averments of fraud must be accompanied by the 'who, what, when,
9   where, and how' of the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317
10  F.3d 1097, 1106 (9th Cir. Cal. 2003) (citing *Cooper v. Picket*, 137 F.3d 616, 627
11  (9th Cir. 1997)).  *See also Baggett v. Hewlett Packard-Co.*, 582 F. Supp. 2d 1261,
12  1265 (C.D. Cal. 2007) (A plaintiff must allege particular facts explaining the
13  circumstances of the fraud, "including time, place, persons, statements made [,]
14  and an explanation of how or why such statements are false or misleading.").

15   Defendant argues that Plaintiff's complaint fails to satisfy *Twombly* and the
16  heightened pleading standard under Fed. R. Civ. P. 9(b) for the following reasons:
17  (i) Plaintiff's complaint alleges no injury; (ii) Plaintiff fails to plead with

18

---

19
20  plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570.  *See
    also In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1163 (C.D. Cal. May 13,
21  2011) ("The primary focus of *Twombly* and *Iqbal*…is on the pleading as a whole:
22  does the pleading allege enough facts to plausibly infer that the pleader is entitled
    to relief?")  A claim is facially plausible if the "plaintiff pleads factual content that
23  allows the court to draw the reasonable inference that the defendant is liable for the
24  misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Plaintiff has
    alleged that Defendant violated the CLRA and UCL by failing to disclose material
25  information, namely: (i) Fuel Gel will produce a flame that cannot be seen and (ii)
26  pouring additional Fuel Gel onto a burning, invisible flame will result in a vapor
    flash fire on its Fuel Gel labels.  FAC, ¶¶ 22, 57, 72-76, 85-87, 91-94, 98-101.
27  Such allegations allow the Court to "draw the reasonable inference that Defendant
28  is liable for the misconduct alleged."

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

1   particularity the elements of her claims under the CLRA, the UCL and the FAL;

2   and (iii) Plaintiff's claims contain merely conclusory allegations.  Deft's Brief at

3   10-11.  Defendant's arguments, however, fail for the following reasons.

4          First, Plaintiff has adequately alleged an injury-in-fact, as demonstrated in

5   Section II, herein.[3]

6          Second, Plaintiff has alleged all of the elements of the CLRA, UCL and

7   FAL with the requisite particularity.

8          **a.      Pleading Requirements For CLRA and UCL Claims**

9          The CLRA prohibits "unfair methods of competition and unfair or deceptive

10  acts or practices in transactions for the sale or lease of consumer goods."  Cal. Civ.

11  Code § 1770 (a).  A claim brought under the CLRA may be based upon an

12  affirmative misrepresentation or an omission of material fact.  Cal. Civ. Code §

13  1770 (a) (5,7).  *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th

14  824, 835 (2006).  A plaintiff must also plead reliance, if required, and damages.

15  *Kearney v. Hyundai Motor Co.*, SACV 09-1298, 2010 U.S. Dist. LEXIS 68242, at

16  *28 (C.D. Cal. June 4, 2010).

17         Similarly, the UCL creates a cause of action for business practices that are

18  unlawful, unfair or fraudulent.  Cal. Bus. & Bus. & Prof. Code § 17200.  Each

19  "prong" of the UCL provides a separate and distinct theory of liability.  *Lozano v.*

20

21  _____

22  [3]     Defendant, in an effort to support its argument that Plaintiff has not

23  established an injury, cites to cases such as *Briehl v. Gen. Motors Corp.*, 172 F.3d

623 (7th Cir. 2002), *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012 (7th Cir. 2002)

24  and *Whitson v. Bumbo,* No. C 07-05597 MHP, 2009 U.S. Dist. LEXIS 32282, all

cases in which courts found that plaintiffs failed to plead they had been injured.

25  However, Plaintiff has adequately demonstrated that she has been damaged as a

26  result of Bird Brain's misconduct and sufficiently alleged economic harm.

Defendant repeatedly overlooks that economic harm is among the bases for injury

27  in fact.  *See Friends of Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528

28  U.S. at 183-184 (2000).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

*AT & T Wireless Services, Inc.*, 504 F. 3d 718, 731 (9th Cir. 2007).  As with the CLRA, UCL claims may be based on omissions.  *Cartwright v. Viking Indus*., No. 2:07-CV-02159-FCD-EFB, 2009 U.S. Dist. LEXIS 83286, at *36 (E.D. Cal. 2009).[4]

Plaintiff has properly pled claims under the CLRA and UCL based upon actionable omissions of material fact, namely, Bird Brain's failure to disclose that: (i) Fuel Gel will produce a flame that cannot be seen; and (ii) pouring additional Fuel Gel onto a burning, invisible flame will result in a vapor flash fire.

**i.    Plaintiff Has Alleged An Actionable Omission That Defendant Was Obligated To Disclose**

Plaintiff has alleged that Defendant Bird Brain failed to disclose a material fact that Defendant was obligated to disclose.  FAC, ¶¶ 19-26, 54, 72-76, 87, 91-

---

[4]    The FAL prohibits "any statement" that is "untrue or misleading" and made "with the intent directly or indirectly to dispose" of property or services.  Cal. Bus. & Prof. Code § 17500.  To state a claim for a FAL violation based on false advertising, plaintiff need only show that "members of the public are likely to be deceived."  *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020 (9th Cir. 2011). Plaintiff alleges that Bird Brain violated the FAL by uniformly failing to disclose on the actual Fuel Gel label that (i) Fuel Gel will produce a flame that cannot be seen; and (ii) pouring additional Fuel Gel onto a burning, invisible flame will result in a vapor flash fire and deliberately trying to induce Plaintiff to purchase Bird Brain Fuel Gel.  FAC, ¶¶ 91-93.  As a direct result of Defendant's misleading and deceptive statements and omissions, namely, Defendant's failure to disclose on the Fuel Gel label that (i) Fuel Gel will produce a flame that cannot be seen; and (ii) pouring additional Fuel Gel onto a burning, invisible flame will result in a vapor flash fire, Plaintiff was misled (or was likely to have been misled) into believing that Bird Brain's Fuel Gel was safe for its use, which, as described herein, was not the case.  Plaintiff further alleges that Bird Brain, despite its knowledge of the dangers Fuel Gel posed to consumers, did not disclose that (i) Fuel Gel will produce a flame that cannot be seen; and (ii) pouring additional Fuel Gel burning, invisible flame will result in a vapor flash fire thus deliberately trying to induce

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

93.  A defendant is obligated to disclose an omission of fact when (i) the defendant is in a fiduciary relationship with the plaintiff; (ii) the defendant had exclusive knowledge of material facts not known to the plaintiff; (iii) the defendant actively conceals a material fact from the plaintiff; and (iv) the defendant makes partial representations but also suppresses some material fact.  *Falk v. GMC*, 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007).  *See also Shin v. BMW of North America, et al.*, Case No. CV 09-00398 AHM (AJWx), 2009 U.S. Dist. LEXIS 67994, at *4-*5 (C.D. Cal. 2009); *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997).  Here, Plaintiff has alleged that Bird Brain had exclusive knowledge of the material information that it failed to disclose.

### ii.    Defendant Was Obligated To Disclose The Material Information That Use of Fuel Gel Can Result In Vapor Flash Fires

Plaintiff has alleged that Defendant has long had actual knowledge of the tendency of Fuel Gel to cause violent, explosive "vapor flash fires" when Class members attempt to refill an already lighted fire pot or similar decorative lighting device.  Facts set forth in the Material Safety Data Sheet for Fuel Gel demonstrate Defendant's long standing knowledge of the omitted information.  The Material Safety Data Sheet lists the flashpoint of Fuel Gel as "70ºF" and states "[h]ighly flammable liquid and vapour.  The substance burns with almost invisible flame." FAC, ¶ 21.  Based on this information, it is clear that Defendant knew (yet failed to disclose) that (i) Fuel Gel will produce a flame that cannot be seen; and (ii) pouring additional Fuel Gel onto a burning, invisible flame will result in a vapor flash fire.

In addition, Defendant gained knowledge of the omitted information based on its involvement in two lawsuits arising out of devastating personal injuries caused by Fuel Gel.  FAC, ¶¶ 24-25.

Plaintiff to purchase Bird Brain Fuel Gel, to increase its profits, causing substantial injury to Plaintiff and putative Class Members.  FAC, ¶ 94.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

1    Additionally, there can be no question as to whether the omitted information

2    of which Defendant had exclusive knowledge is "material."   California state and

3    federal courts have repeatedly held that information relating to the safety of a

4    product is "material" for purposes of alleging a failure to disclose under the CLRA

5    and UCL.   *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales*

6    *Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1173 (C.D. Cal. 2010)

7    (finding that plaintiffs' allegations regarding sudden unintended acceleration in

8    certain Toyota vehicles constituted a "safety consideration," and were, therefore,

9    "material").   *See also Falk*, 496 F. Supp. 2d at 1094; *Smith v. Ford Motor Co.*,

10    Case No. C-06-000497 MMC, 2010 U.S. Dist. LEXIS 95122, at *17 (N.D. Cal.

11    Sept. 13, 2010) (noting that a CLRA claim lies where defendant fails to disclose

12    unreasonable safety risk); *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal.

13    App. 4th 824, 836 (same).   Plaintiff has alleged that the omitted information is

14    related to the safety of the Fuel Gel.  See, e.g.  FAC, ¶¶ 23, 73, 87-91.

15    Accordingly, Plaintiff has alleged that Bird Brain had a duty to disclose on

16    the Fuel Gel label the material information that:  (i) Fuel Gel will produce a flame

17    that cannot be seen; and (ii) pouring additional Fuel Gel onto a burning, invisible

18    flame will result in a vapor flash fire.

19    **iii.    Plaintiff's Reliance On Bird Brain's Omission Is Presumed**
20    **Because The Fact That Use Of Fuel Gel Can Result In Vapor**
       **Flash Fires Is A Material Fact**
21

22    Defendants further contend that Plaintiff's CLRA, UCL and FAL claims do

23    not meet the pleading requirements of Rule 9(b) because Plaintiff has failed to

24    allege reliance on Defendant's representations.  Defts' Br. at 9-11.  Defendant is

25    mistaken because Defendant's argument is based on the faulty premise that

26    Plaintiff's CLRA, UCL and FAL claims are based solely on Defendant's

27    misrepresentations, when in actuality, Plaintiff has adequately pled an actionable

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

omission.[5]   Under the CLRA, reliance is presumed where plaintiffs plead an actionable omission.  "'All that is necessary is that the facts withheld be material,' in the sense that a reasonable person 'might have considered them important' in making his or her decision."  *Plascencia v. Lending 1st Mortgage*, 259 F.R.D. 437, 447 (N.D. Cal. 2009) (quoting *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 153 (1972)).  See *also Shein v. Canon U.S.A., Inc.*, Case No. 08-cv-7323, 2010 U.S. Dist. LEXIS 91160, at *39 (C.D. Cal. Aug. 10, 2010) ("a presumption of reliance is most appropriate in cases sounding in fraud where the plaintiffs 'have primarily alleged omissions, even though the [p]laintiffs allege a mix of misstatements and omissions.'") (quoting *Cartwright v. Viking Industries, Inc.*, 2009 U.S. Dist. LEXIS 83286, at *12).  Plaintiff has pled that the omissions at issue are material and that had she known of the omitted information, Plaintiff would not have purchased the Fuel Gel.  FAC ¶¶ 23, 54, 72-76, 85, 91, 93, 98, 100. Accordingly, Defendant's argument that Plaintiff has failed to plead reliance is unavailing.

Based on the foregoing, Defendant cannot seriously contend that Defendant does not have sufficient information in the Complaint to defend the claims against it.  *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (When allegations of fraud are made, Rule 9(b) requires that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the specific conduct complained of so that they may defend against it).  Plaintiff's FAC is dense with factual information and sets forth Plaintiff's claims with well more than conclusory

---

[5]      In fact, Defendant attempts to make this argument multiple times throughout its brief and even focuses on Bird Brain's misleading "Message to Consumers," which does not form the basis of Plaintiff's failure to disclose claims.  Plaintiff has made reference to the "Message to Consumers" in order to demonstrate Bird Brain's inconsistent positions regarding the safety of the Fuel Gel.  FAC, ¶¶ 39-42.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

allegations, as Defendant contends.  Deft's Br. at 11.  Accordingly, Plaintiff has pleaded her CLRA, UCL and FAL claims with sufficient particularity.

### V.   PLAINTIFF HAS STATED A CLAIM FOR UNJUST ENRICHMENT

Defendant argues that California does not recognize unjust enrichment as a cause of action.  Deft's Brief at 12.  However, Defendant's position is contrary to California law.  *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1099-1100 (N.D. Cal. 2006) (court rejected motion to dismiss unjust enrichment claim because "for the most part, courts finding that California does not allow an 'unjust enrichment' cause of action have made essentially semantic arguments-focusing on the interrelationship between the legal doctrine of unjust enrichment and the legal remedy of restitution").  See *also Keilholtz v. Lennox Hearth Prods.*, 268 F.R.D. 330, 343 (N.D. Cal., June 4, 2010) (court certified national class of unjust enrichment claims); *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 50 (1996) (unjust enrichment is a distinct theory of recovery and a distinct cause of action); *Hirsch v. Bank of America*, 107 Cal. App. 4th 708, 722 (2003) (reversing the lower court's dismissal of plaintiff's unjust enrichment claim upon finding that appellants stated a valid cause of action for unjust enrichment).

Furthermore, Plaintiff has asserted her unjust enrichment claim, Count IV of the FAC, "For Restitution/Unjust Enrichment," in the alternative, in the event the Court determines that Plaintiff has failed to plead adequate legal remedies. California courts have held that a claim for unjust enrichment exists, in the alternative, where plaintiffs may not have an adequate remedy at law.  *In re Facebook PPC Advertising Litig.*, 709 F. Supp. 2d 762 (N.D. Cal. 2010) ("remedy for unjust enrichment applies only in the absence of an adequate remedy at law"). *See also Ghirardo v. Antonioli*, 14 Cal. 4th 39 at 50 (plaintiff had a right to relief

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

1    under the traditional equitable claim of unjust enrichment where no available legal

2    remedy existed).

3         Accordingly, Plaintiff's claim for unjust enrichment should not be

4    dismissed.

5

6    ## VI.    DEFENDANT'S MOTION TO STRIKE
        ## SHOULD BE DENIED IN ITS ENTIRETY

7

8         Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a

9    pleading an insufficient defense" or any material that is "redundant, immaterial,

10   impertinent, or scandalous."  Fed. R. Civ. P. 12(f).  Because of "the limited

11   importance of pleadings in federal practice," motions to strike pursuant to Fed. R.

12   Civ. P. 12(f) are disfavored.  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478

13   (C.D. Cal. 1996).  Defendant incorrectly contends that Plaintiff's complaint relies

14   upon irrelevant and scandalous statements and requests that this Court strike

15   paragraphs 26-38 of Plaintiff's FAC.

16        Courts have defined "immaterial" and "impertinent" as "that which has no

17   essential or important relationship to the claim for relief or the defenses being

18   pleaded," for the former, and that which "does not pertain, and is not necessary, to

19   the issues in question," for the latter.[6]  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524,

20   1527 (9th Cir. 1993).  Courts have defined scandalous as a matter that "improperly

21   casts a derogatory light on someone, most typically a party to the action."

22   *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D.

23   Nev. 2003) (internal quotation marks and citations omitted).  *See also Perrey v.*

24   *Televisa S.A. de C.V.*, 2010 U.S. Dist. Lexis 142449 (C.D. Cal. 2010).

25

26   ------

27   [6]    Although Defendant has characterized certain of Plaintiff's claims as
     "irrelevant," and seeks to strike these claims on this ground, the word "irrelevant"

28   does not appear in Fed. R. Civ. P. 12(f).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

Defendant contends that Paragraphs 26-38 are either irrelevant and/or scandalous, and thus should be stricken.  In actuality, these Paragraphs are not irrelevant or scandalous.

Specifically, paragraphs 26-29 of Plaintiff's FAC describe the historical and background context in which Defendant Bird Brain came to acquire knowledge that the Fuel Gel causes vapor fires.  This information is certainly relevant to Plaintiff's claims.  *See LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992) (Where a motion to strike involves background or historical material, it should not be granted unless the material is prejudicial to the opponent.)[7]  Paragraph 26, for example, describes an incident reported publicly in the Seattle Times in June of 2011 in which a man was severely injured at a party when a nearby guest attempted to refuel a firepot with the Fuel Gel after the firepot appeared to be empty, resulting in the man sustaining severe burns which warranted a two day stay in intensive care and a four day stay in a burn center.  This information is clearly relevant as it directly describes the dangers of the Fuel Gel and why Plaintiff's requested relief is so important.[8]

Further, Defendant requests that this Court strike Paragraph 30, a list of personal accounts from consumer complaints filed with Safeproducts.gov.  Defendant argues that the information contained in Paragraph 30 is "irrelevant" because the complaints cited therein neither involve Plaintiff nor the putative Class Members.   Defendant unsuccessfully tries to argue that, because the complaints

---

[7]    Defendant only alleges that Paragraphs 26-31 of Plaintiff's FAC will "cast a derogatory light on Bird Brain," but does not sufficiently allege how it will be prejudiced if the content from paragraphs 26-31 is not stricken.  Deft's Brief at 14.

[8]    Paragraphs 27-29 similarly advance the historical background of this action as well as reinforce the danger and volatility of firepots which utilize fuel gel similar to that manufactured by Bird Brain, and are, therefore, relevant.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

cited in Paragraph 30 depict physical injuries suffered by individuals at the hands of Bird Brain's Fuel Gel – and Plaintiff, in her FAC, alleges damages not for personal injury, but for economic loss – that none of the individuals whose accounts are set forth in Paragraph 30 are putative Class Members.  However, all accounts in Paragraph 30 involve incidents experienced by putative Class Members.  All of the authors of the complaints listed in Paragraph 30 were deceived in the same manner as Plaintiff, and all have suffered the same economic harm as Plaintiff.

Defendant further contends that Paragraphs 31-38, which describe (i) efforts by the New York Legislature to enact a law aimed at banning the sale of ethanol-or alcohol-based fuel gel, including Bird Brain's Fuel Gel in New York, and (ii) investigations in Illinois into accidents involving Bird Brain's Fuel Gel, should be stricken as "irrelevant" to Plaintiff's California-based claims.  Deft's Brief at 14. Again, these particular Paragraphs were included specifically because the information contained therein directly relates to Plaintiff's claims and requested relief.

Because Defendant's Motion to Strike (Deft's Brief at 13-15) does not establish that Paragraphs 26-38 are either irrelevant or scandalous, Defendant's Motion to Strike should be denied.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss and to strike in its entirety.

Dated: January 30, 2012                    KIESEL BOUCHER LARSON LLP

                                           By:   /s/ Paul R. Kiesel
                                           Paul R. Kiesel
                                           Jeffrey A. Koncius, Esq.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8648 Wilshire Boulevard
Beverly Hills, CA 90211
Telephone:  (310) 854-4444
Facsimile:  (310) 854-0812

HORWITZ, HORWITZ & PARADIS
ATTORNEYS AT LAW
Paul O. Paradis, Esq.
Gina M. Tufaro, Esq.
Mark A. Butler, Esq.
570 Seventh Avenue, 20th Floor
New York, NY 10018
Telephone:  (212) 986-4500
Facsimile:  (212) 986-4501

*Attorneys for Plaintiff*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE