O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. SACV 11-1054 DOC (ANx)            Date: March 15, 2012

Title: MERYL OVERTON –V- BIRD BRAIN, INC.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEY PRESENT FOR PLAINTIFFS: | ATTORNEY PRESENT FOR DEFENDANTS: |
|---|---|
| NONE PRESENT | NONE PRESENT |

PROCEEDING (IN CHAMBERS): GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING THE MOTION TO STRIKE

Before the Court is Defendant Bird Brain, Inc's ("Bird Brain") Motion to Dismiss (Docket 12) ("Motion to Dismiss"). The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers, the Court hereby GRANTS IN PART AND DENIES IN PART the Motion to Dismiss and DENIES the Motion to Strike.

**I. BACKGROUND**

Defendant Bird Brain, Inc. ("Defendant") manufactures and sells "Firepot Fuel Gel" ("Fuel Gel"), a pourable gel fuel used with firepots and other decorative lighting devices. First Amended Complaint ("FAC"), ¶ 1. Plaintiff alleges that Fuel Gel burns with an almost invisible flame, such that if a user pours more Fuel Gel into a seemingly empty firepot, the Fuel Gel in the bottle can suddenly ignite to result in a "vapor flash fire." *Id.* at ¶ 2-3, 16-18. These vapor flash fires are alleged to result in serious bodily injury, including third degree burns, or even death. *Id.* at ¶ 4.

Plaintiff avers that Defendant has full knowledge of the potential for vapor flash fires and corresponding potential for injury and yet has failed to provide warnings on Fuel Gel labels. *Id.* at ¶ 5, 19-20. For example, Plaintiff notes that the Safety Data Sheet for Fuel Gel explicitly states that it "burns with almost invisible flame." *Id.* at ¶ 21. Further, Defendant is also a defendant in two lawsuits arising out of personal injuries that resulted from Fuel Gel. *Id.* at ¶ 24-25. Plaintiff goes on to detail injuries caused by similar gel fuel products, consumer complaints on Saferproducts.gov, an investigation into Fuel Gel by the Illinois Attorney General, and a New York law banning substances such as Fuel Gel. *Id.* at ¶ 26-38. Based on all of this evidence, Plaintiff contends that Defendant knew of Fuel Gel's potential to cause serious injury. *Id.* at ¶ 5, 19-20.

Plaintiff alleges that Defendant has failed to disclose the true danger of Fuel Gel by failing to disclose its potential for vapor flash fires on the product packaging. Plaintiff also alleges that Defendant has misrepresented the safety of Fuel Gel in a recent "Message to Customers" that stated, "Fuel Gel products are safe, with an exemplary track record built over years of consumer experience nationwide." *Id.* at ¶ 40-42. Although Defendant has issued a limited recall of Fuel Gel, Plaintiff contends that such recall was inadequate because the recall is only limited to certain members of the class, offers illusory benefits, does not provide the disclosures demanded by Plaintiff, and does not provide for a permanent cessation of the sale of Fuel Gel. *Id.* at ¶ 6.

Plaintiff alleges that since 2008, Defendant has sold more than 1.5 million Fuel Gel units, retailing for $24.99 each. *Id.* at ¶ 53. Plaintiff avers that, had she and the putative class members known that "Fuel Gel was dangerously explosive and can suddenly erupt into 'vapor flash fire' upon refueling of a decorative lighting device, they never would have purchased [Fuel Gel]." *Id.* at ¶ 54. Plaintiff asserts claims under the Consumer Legal Remedies Act ("CLRA"), California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17500, False Advertising Law ("FAL"), and unjust enrichment.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be

dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id*.

The Federal Rule of Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Providing detailed notice to defendants also prevents plaintiffs from filing complaints "as a pretext for the discovery of unknown wrongs." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting *In re Stac Elecs. Secs. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)).

Accordingly, "[t]he complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (citing *Semegen,* 780 F.2d at 731). In addition, the "plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)); *see Moore v. Kayport Package Express, Inc.*, 885 F. 2d 531, 540 (9th Cir. 1989) (holding that "[m]ere conclusory allegations of fraud are insufficient.").

The heightened pleading standard may be relaxed when the allegations of fraud relate to matters particularly within the opposing party's knowledge, such that a plaintiff cannot be expected to have personal knowledge. *Neubronner*, 6 F.3d at 672. A plaintiff alleging fraud based on information and belief, however, must still state the factual bases for the beliefs. *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

### A. Standing

Article III standing requires (1) an injury in fact; (2) a casual connection between the injury and the conduct complained of; and (3) redressability. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992). Defendant asserts that Plaintiff has not alleged an injury in fact because her Fuel Gel did not fail her, nor did it cause her injury. Contrary to Defendant's contention, however, economic injury qualifies as "injury in fact" for the purpose of conferring Article III standing.

Economic injury is a sufficient basis for standing. *San Diego Gun Rights Committee v. Reno,* 98 F.3d 1121, 1130 (9th Cir. 1996) (where plaintiffs argued that the Crime Control Act caused the price of certain weaponry to increase from 40% to 100%). *Id.* Purchasing a product based on misrepresentations or omissions is sufficient injury to confer standing. *Keilholtz v. Lennox Hearth Products,* 268 F.R.D. 330, 335-36 (N.D. Cal. 2010) is instructive. There, although plaintiffs' fireplace hadn't physically injured them, their injury in fact was paying for a fireplace that the family could not use. *Id.* Plaintiffs made clear that they would not have permitted the fireplace to be installed in their home had they known the high glass surface temperatures it would generate, causing the potential for third degree burns. *Id.* at 336. This economic injury was sufficient to confer standing upon the *Keilholtz* plaintiffs. *See also In re Mattel, Inc. Toy Lead Paint Products Liability Litigation,* 588 F. Supp. 2d 1111, 1114 (C.D. Cal. 2008) (standing conferred by a claim that plaintiffs purchased unsafe and unusable toys for which they want a refund); *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, & Prods. Liab. Litig.,* 754 F. Supp. 2d 1145, 1163-1166 (C. D. Cal. 2010); *Herrington v. Johnson & Johnson Consumer Companies, Inc.,* No. C 09-1597 CW, 2010 WL 3448531, at *4-5 (N.D. Cal. Sept. 1, 2010)

(plaintiffs failed to allege an injury in fact because they did not plead facts demonstrating a threat of physical harm from the product).

Here, Plaintiff alleges that she would not have purchased the Fuel Gel if not for Defendant's critical omissions. FAC, ¶ 54. Like the *Keilholtz* plaintiffs, she purchased a product without knowledge of its dangers. The *Keilholtz* plaintiffs were stuck with a fireplace they could not use for fear of third degree burns; Plaintiff here is stuck with Fuel Gel she cannot use, also for fear of third degree burns. Plaintiff cannot use her product due to the threat of physical harm, which the *Herrington* court found lacking from its plaintiffs' claims. *See Herrington,* 2010 WL 3448531, at *4-5. As in *Mattel,* Plaintiff would like her money back for a product deemed unsafe and unusable. *See* 588 F. Supp. 2d at 1114. The case law is clear that such a claim satisfies the injury in fact requirement of Article III standing.

Defendants point to out-of-circuit cases and *Whitson v. Bumbo,* an unreported Northern District of California case. No. C-07-05597, 2009 WL 1515597 (N.D. Cal. Apr. 15, 2009). The *Whitson* case is distinguishable from the present facts. There, the court noted that "[t]he complaint itself is, in large part, a cut and paste job, asserting many causes of action (throwing everything against the wall and seeing what sticks) but alleging very few facts." *Id.* at *4. The same is not true here. Further, the *Whitson* court held that the plaintiff failed to allege that her product manifested the alleged defect. *Id.* at *5. Here, Defendants do not contest that Plaintiff's Fuel Gel has the potential to cause the dangerous vapor flash fires that are the subject of this litigation.

The weight of the case law in this circuit makes clear that Plaintiff has alleged an injury in fact sufficient to confer Article III standing.

### B. Mootness

Defendant next argues that Plaintiff's claims are moot because a CPSC recall and refund program provides the remedy sought by Plaintiff. Under the terms of the Voluntary Recall, consumers may obtain a refund by returning unused Fuel Gel bottles, and retailers have been told to stop the sale of Fuel Gel and to remove all Fuel Gel stock from their shelves. Motion to Dismiss, 4. Plaintiff challenges this recall as inadequate because the Recall does not cover all class members, the recall does not provide adequate disclosures, and the recall does not provide for a permanent cessation of the sale of Fuel Gel. Opposition, 11.

There is not enough information presently before this Court to determine if Plaintiff's claims are mooted by the Voluntary Recall. As the Court in *Postier v. Lousiana-Pacific Corp.* held, "whether the recall has provided Plaintiff with a suitable remedy and whether it was done so within a reasonable time is in dispute

and cannot be decided on a 12(b)(6) motion. No. C-09-3290 JCS, 2009 WL 3320470, at *5 (N.D. Cal. Oct. 13, 2009). Defendant is not precluded from making the mootness argument at a later stage of litigation, but because the Court is to take all of Plaintiff's allegations as true at the present time, it cannot hold that the Recall was satisfactory as a matter of law.

## C. Pleading Requirements

### 1. Injury

Defendant first alleges that Plaintiff has failed to plead an injury. As discussed above, Plaintiff has sufficiently pled economic injury to both confer standing and to satisfy the pleading requirements.

### 2. Reliance

Defendant next asserts that Plaintiff has failed to plead with particularity the element of reliance required in claims under the CLRA, the UCL, and the FAL. Unfortunately, the standard for pleading reliance in a fraud case alleging omissions is far from uniform in this Circuit.

Plaintiff correctly cites to a line of cases holding that a presumption of reliance is appropriate in cases alleging omissions. For example in *Plasencia v. Lending 1st Mortgage,* the court decided that, "[a]s the Supreme Court has held, in cases 'involving primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery.'" 259 F.R.D. 437, 447 (N.D. Cal. 2009) (quoting *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 153, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972)). Instead, the *Plascenia* court, again citing the Supreme Court, held that "'[a]ll that is necessary is that the facts withheld be material,' in the sense that a reasonable person 'might have considered them important' in making his or her decision." *Id.; see also Shein v. Canon U.S.A., Inc.*, No. CV 09-00398 AHM, 2010 WL 3170788, at *10 ("a presumption of reliance is most appropriate in cases sounding in fraud where the plaintiffs 'have primarily alleged omissions, even though the [p]laintiffs allege a mix of misstatements and omissions'") (internal citations omitted).

Defendant, on the other hand, cites to a line of cases starting with *Marolda v. Symantec Corp.,* 672 F. Supp. 2d 992 (N.D. Cal. 2009). The *Marolda* court recognized that claims of nondisclosure and omissions are also subject to the pleading standards of Rule 9(b), like misrepresentations, as the Ninth Circuit held in *Kearns v. Ford Motor Co.,* 567 F.3d 1120 (9th Cir. 2009). The *Marolda* court went on to set forth requirements for pleading an omission with specificity, stating that "[P]laintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative

samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information. Plaintiff's complaint should also include samples of materials documenting both her 2006 and 2007 purchases that leave out the essential information that NIS 2006 would be automatically renewed." *Id.*

Subsequent cases have, however, called into question these specific requirements spawned by the *Marolda* court. *Pelletier v. Pacific WebWorks, Inc.* is instructive. No. CIV S-09-3503, 2012 WL 43281 (E.D. Cal. Jan 9, 2012). There, the plaintiff alleged that she received an email solicitation on July 26, 2009 from one of the defendants' affiliates. *Id.* at *3. The plaintiff went on to describe the allegedly fake news article contained in the email, as well as the defendants' web page and allegedly fraudulent deduction of $79.90 from her account. *Id.* In finding the plaintiff's pleadings sufficient, the *Pelletier* court noted that the *Marolda* court's requirements "go beyond the Ninth Circuit's application of Rule 9(b) and have been rejected by another court in the Northern District of California." *Id.* at *4. *See also Ferrington v. McAfee, Inc.*, No. 10-CV-1455-LHK, 2010 WL 3910169, at *6 (N.D. Cal. Oct. 5, 2010) (holding that it does not believe "Rule 9(b) requires every plaintiff alleging misleading or deceitful advertising to attach a copy of the allegedly misleading ad to the complaint.... If a written description of the misleading ad or web page is 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud,' such description is sufficient to satisfy the requirements of Rule 9(b).").

As other courts have recognized, the *Marolda* requirements are not necessarily appropriate for all cases alleging a fraudulent omission. This Court also chooses not to adopt the strict requirements set forth by the *Marolda* court and instead relies on the Ninth Circuit's more flexible requirement. In *Kearns,* the Ninth Circuit clarified that the plaintiff did not meet Rule 9(b)'s heightened pleading standard because he did not "articulate the who, what, when, where, and how of the misconduct alleged," which failed to give the defendant an opportunity to respond. 567 F.3d at 1126. The Court will thus examine whether Plaintiff provides "the who, what, when, where, and how of the misconduct alleged" in the present case.

Here, Plaintiff's allegations are specific enough to give Defendant notice of the alleged misconduct constituting fraud. Plaintiff alleges that, despite Bird Brain's knowledge of Fuel Gel's potential to cause vapor flash fires, Bird Brain "does not inform consumers anywhere on the Fuel Gel's label that: (i) Fuel Gel will produce a flame that cannot be seen; and (ii) pouring additional Fuel Gel onto a burning, invisible flame will result in a 'vapor flash fire.'" FAC, ¶ 22. Plaintiff contends that this information is material because the vapor flash fires can cause "devastating bodily injury (i.e. third degree burns) or possibly, death." *Id.* at ¶ 23.

Plaintiff alleges that had she and the class members "known that the Fuel Gel was dangerously explosive and can suddenly erupt into a violent 'vapor flash fire' upon refueling of a decorative lighting device, they never would have purchased Bird Brain's Fuel Gel product." *Id.* at ¶ 54. Essentially, Plaintiff alleges that Bird Brain's failure to include adequate warnings on its Fuel Gel labels was a fraudulent omission under state consumer protection statutes and that Plaintiff relied on such omission to her detriment. This information is sufficiently specific to put Defendant on notice of its allegedly fraudulent misconduct and provide Defendant with adequate opportunity to respond.

3. <u>Substantive Elements of CLRA, UCL, and FAL Claims</u>

Defendant asserts that Plaintiff's CLRA, UCL, and FAL claims are too conclusory to state a claim under *Twombly,* 550 U.S. at 545. Motion to Dismiss, 11. Defendant recites certain select quotations from Plaintiff's FAC, yet ignores the multitude of other facts pled by Plaintiff in the FAC. Contrary to Defendant's contention, Plaintiff does not merely assert that Defendant had "knowledge," but rather provides factual information to support that conclusion. *See* FAC, ¶ 20, 21, 24 (discussing the basis for Plaintiff's contention that Defendant knew of the dangers of Fuel Gel, for example, citing lawsuits filed against Defendant and Fuel Gel's Safety Data Sheet). Ironically, Defendant's Motion to Dismiss Plaintiff's FAC as excessively conclusory is, itself, excessively conclusory. The Motion to Dismiss in no way explains why Plaintiff's allegations are insufficiently specific but rather merely asserts without foundation that they are too conclusory. As stated above, Plaintiff's FAC explains the "who, what, when, where, and how" of the allegedly fraudulent omission by Defendant. *See Kearns,* 567 F.3d at 1126. This is sufficient to survive Defendant's Motion to Dismiss.

**D. Unjust Enrichment**

This Court need not weigh in on the disputed issue of whether unjust enrichment is an independent cause of action or an equitable remedy. Unjust enrichment "applies only in the absence of an adequate remedy at law." *In re Facebook PPC Advertising Litig.,* 709 F. Supp. 2d 762, 770 (N.D. Cal. 2010) (citing *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.,* 96 F.3d 1151, 1167 (9th Cir. 1996)). Because this Court has found that Plaintiff has adequately pled claims under the CLRA, UCL, and FAL, there is an adequate legal remedy and thus no need for an unjust enrichment claim.

**E. Motion to Strike**

Defendant seeks to strike Paragraphs 26 -28 of the FAC as "scandalous" and "superfluous." Motion to Dismiss, 14-15. Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) (internal quotation marks and citation omitted). The Ninth Circuit has defined "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citation omitted), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023 (1994).

Paragraphs 26 – 29 describe three separate incidents of injury resulting from fuel gel products similar to Defendant's Fuel Gel. Defendant argues that these incidents and the language describing them are inflammatory and prejudicial because they associate Defendant with incidents in which its products were not involved. Motion to Dismiss, 14. Paragraph 30 describes consumer complaints from the website Safeproducts.gov, which Defendant argues are irrelevant because none of the complaints involve Plaintiff or putative class members. *Id*. Paragraphs 31 – 35 describe an Illinois state investigation into Fuel Gel, and Paragraphs 36 – 38 discuss a New York law banning ethanol- or alcohol-based fuel gels, including Fuel Gel, in Suffolk County, New York.

Each of these allegations is related to the controversy and Defendant has not made a sufficient showing of prejudice to justify striking any of these allegations. Paragraphs 26-29 describe relevant incidents, as they involve injuries stemming from the use of a similar gel fuel. Defendant has not attempted to argue that its Fuel Gel could not cause those injuries, such that a description of the possible harms of gel fuel is relevant and not unduly prejudicial. Plaintiff alleges that the incidents described in Paragraph 30 do involve putative class members, such that those consumer complaints are clearly relevant and not prejudicial. Finally, even though Paragraphs 31-38 discuss action taken by other states, those actions specifically relate to Fuel Gel, the product in question in the present litigation. Such information is undoubtedly relevant to Plaintiff's claims. Defendants have simply not met their high burden of demonstrating that a Motion to Strike is warranted.

### IV. DISPOSITION

Defendant's Motion to Dismiss is GRANTED as to Plaintiff's unjust enrichment claim. Plaintiff's unjust enrichment claim is hereby DISMISSED WITH PREJUDICE. Defendant's Motion to Dismiss is DENIED in all other respects.

Defendant's Motion to Strike is DENIED.

The Clerk shall serve this minute order on all parties to the action.

Clerk Initials: jcb