1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **MERYL OVERTON,** | **Case No.: SACV 11-1054 DOC(ANx)** |
| **Plaintiff,** | |
| **vs.** | |
| **BIRD BRAIN INC.,** | **ORDER GRANTING MOTION TO CERTIFY CLASS ACTION [70]** |
| **Defendant.** | |

This case is a consumer class action based on alleged safety omissions from packaging for a gel fuel. Plaintiff Meryl Overton moves to certify a class, to be appointed class representative, to have Kiesel Law, LLP appointed as Liaison Counsel, and to have Horwitz, Horwitz & Paradis appointed as Lead Counsel. *See* Motion for Class Certification (Dkt. 70). Defendant Bird Brain did not file any opposition. After considering the moving papers and hearing oral argument, the Court GRANTS the motion and CERTIFIES the class.

## I.      Background

Defendant Bird Brain sells a pourable "Fuel Gel" that can be used to fuel firepots and other decorative lighting devices.  FAC ¶ 14.  Consumers pour the gel into a narrow steel cup in a firepot or lighting device and then light the gel with a lighter or match.  *Id*. ¶ 16.  After the fire burns a certain portion of the gel, the flame becomes almost invisible.  Consumers, thinking the flame has died because the fuel is too low, may try to refill the steel cup with more Fuel Gel.  *Id*. ¶ 17.  This can cause the invisible flame to ignite the vapors from the bottle of Fuel Gel and cause a "vapor flash fire."  *Id*. ¶ 18.  Vapor flash fires can cause significant harm, including third-degree burns.  *Id*. ¶ 23.

Plaintiff claims that Bird Brain knew of this risk and yet failed to sufficiently warn consumers.  Plaintiff alleges the following causes of action: (1) Violation of the California Consumers and Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq*.; (2) Violations of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*.; and (3) Violations of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §17500.  The Court dismissed Plaintiff's unjust enrichment claim on March 15, 2012.  *See* Order (Dkt. 32).

Plaintiff avers that Defendant had full knowledge of the potential for vapor flash fires and corresponding potential for injury and yet failed to provide warnings on Fuel Gel labels.  *Id.* at ¶ 5, 19-20.  Plaintiff also alleges that Defendant misrepresented the safety of Fuel Gel in a "Message to Customers" that stated, "Fuel Gel products are safe, with an exemplary track record built over years of consumer experience nationwide."  *Id.* at ¶ 40-42.

Defendant Bird Brain has refused to participate in this litigation for over a year.  Bird Brain is presently in default.  *See* Entry of Default, August 28, 2013 (Dkt. 69).  Plaintiff has reached a settlement with the other defendant in this litigation.  *See* Notice of Voluntary Dismissal (Dkt. 73).  Plaintiff now moves the Court to certify a class under rule 23(b)(3), appoint Plaintiff as class representative, appoint Kiesel Law, LLP as Liaison Counsel, and appoint Horwitz, Horwitz & Paradis as Lead Counsel.  Mot. at 3.

## II.     Legal Standard

To certify a class action, Plaintiff must set forth prima facie facts that support the four requirements of Rule 23(a).  *Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.),* 213 F.3d 454, 462 (9th Cir. 2000) (internal quotations omitted).  If the action meets the prerequisites of Rule 23(a), the court must then consider whether the class is maintainable under one or more of the three alternatives set forth in Rule 23(b).

Under Rule 23(a), the party seeking class certification must establish: (1) that the class is so large that joinder of all members is impracticable (i.e., numerosity); (2) that there are one or more questions of law or fact common to the class (i.e., commonality); (3) that the named parties' claims are typical of the class (i.e., typicality); and (4) that the class representatives will fairly and adequately protect the interests of other members of the class (i.e., adequacy of representation).  Fed. R. Civ. P. 23(a).  In addition to satisfying these prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2) or (3).  *See* Rule 23(b); *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 614 (1997).  The party seeking class certification bears the burden of establishing that the requirements of Rules 23(a) and 23(b) have been met.  *See Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1188 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

In this case, Plaintiff moves to certify a class under Rule 23(b)(3).  A class is maintainable under Rule 23(b)(3) where "questions of law or fact common to the members of the class *predominate* over any questions affecting only individual members," and where "a class action is *superior* to other available methods for fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3) (emphasis added).  "The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998).  The predominance inquiry measures the relative weight of the common to individualized claims.  *Id.* "Implicit in the satisfaction of the predominance test is the notion that the adjudication of

common issues will help achieve judicial economy." *Zinser*, 253 F.3d at 1189 (9th Cir. 2001) (citing *Valentino v. Carter–Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996)).

In determining superiority, the court must consider the four factors of Rule 23(b)(3): (1) the interests members in the class have in individually controlling the prosecution or defense of the separate actions; (2) the extent and nature of any litigations concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely encountered in the management of a class action. *Id.* at 1190–1993. "If the main issues in a case require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate." *Id.* (citing 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1778 at 535–39 (2d. ed. 1986)).

## III.   Discussion

Pursuant to the Court's discussion with Counsel at the certification hearing, Plaintiff seeks to certify the following class: "all persons who, in the State of California, purchased a bottle of Fuel Gel manufactured, sold, or distributed by Defendant Bird Brain, Inc., excluding persons with any claims for personal injury or property damage."

### a.   Rule 23(a) Requirements

#### i.   Numerosity

Rule 23(a)(1) requires the members of a proposed class to be so numerous that joinder of all of the class members would be impracticable. Fed. R. Civ. P. 23(a)(1). Sales data shows that Defendant sold at least 22,418 bottles of Fuel Gel to retailers in California. *See* Declaration of Gina M. Tufaro ("Tufaro Decl.")(Dkt. 71), Ex. B. This does not tell the Court how many individuals actually bought the Fuel Gel. However, it is clear that many retail locations bought more than one shipment, showing that at least a sizable percentage of the bottles reached circulation. This is sufficient to satisfy the numerosity requirement. *See Yamada v. Nobel Biocare Holding AG*, 275 F.R.D. 573, 577 (C.D. Cal. 2011).

-4-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ii.   Commonality

Commonality requires "questions of law or fact common to the class."  Fed R. Civ. P. 23(a)(2).  The commonality requirement is generally construed liberally; the existence of only a few common legal and factual issues may satisfy the requirement.  *See Jordan v. County of Los Angeles*, 669 F.2d 1311, 1320 (9th Cir. 1982); accord *Hanlon*, 150 F.3d at 1019.  Rule 23(a)(2) does not mandate that each member of the class be identically situated, but only that there be substantial questions of law or fact common to all.  *See Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 914 (9th Cir. 1964).

Plaintiff identifies several common issues of fact and law.  First, Plaintiff claims that the factual issues in this case are the same for all plaintiffs: whether Bird Brain failed to disclose material facts about the safety of the Fuel Gel and whether Bird Brain knew, or was reckless in not knowing, that it omitted material information from the Fuel Gel packaging.  Mot. at 6.  The Court agrees that these claims are common to all class members.  Although class members may have purchased different versions of the product, it appears that Defendant used consistent labeling across most of its packaging.  Because the defects alleged are common to all class members, there are common issues of fact in this case.  *See Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010); *Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 377 (N.D. Cal. 2010).  Furthermore, these factual allegations support common legal contentions.  All of the claims arise under California law and focus on whether Bird Brain's omissions were material, unfair, misleading, or deceptive.  *See Chavez*, 268 F.R.D. at 377.  Therefore, Plaintiff has shown that there are questions of law and fact common to the class.

iii.   Typicality

Typicality requires a determination of whether the named plaintiff's claims are typical of those of the proposed class they seek to represent. Rule 23(a)(3).  "Under the rule's permissive standards, representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Hanlon*, 150 F.3d at 1020. Plaintiff's claims are typical of the class she seeks to represent.

The fundamental nature of the claims across the class is consistent: that Bird Brain failed to include the dangers of using Fuel Gel on its product packaging, which was a material omission.  Where a plaintiff alleges claims under the UCL, FAL, and CLRA, that plaintiff need not show that her individual experience with the product is identical to that of every class member.  Rather, her claim is typical because it alleges she, like all members of the class, "purchased a product that is marketed with a material misrepresentation, that is, in a manner such that "members of the public are likely to be deceived."  *Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 534 (C.D. Cal. 2011).  Examples of various types of Defendant's labeling show no such warnings.  Even if all members of the class may have purchased bottles with slightly different labels, they all are alleged to contain the same relevant safety omissions.  This is sufficient to establish typicality.  *See Chavez*, 268 F.R.D. at 378.

iv.  Adequacy

The adequacy of representation requirement of Rule 23(a)(4) involves a two-part inquiry: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Hanlon,* 150 F.3d at 1020.  Plaintiff alleges that neither she nor Kiesel Law, LLP, nor Horwith, Horwitz & Paradis have any conflicts with any member of the class or the Defendants.  Plaintiff and her counsel are actively litigating this case with no dilatory conduct thus far.  Plaintiff testified in her declaration that she is committed to the litigation and will continue to pursue the suit responsibly as a class representative.  *See* Declaration of Meryl Overton ("Overton Decl.") (Dkt. 72) ¶ 11.  Both law firms have extensive experience in consumer and class action litigation and are able to litigate this lawsuit.  *See* Tufaro Decl., Ex. I at 1-3; Tufaro Decl., Ex. J.  Plaintiff and her attorneys thus satisfy the adequacy requirement.

**b.  Rule 23(b)(3) Requirements**

Class certification pursuant to Rule 23(b)(3) requires the plaintiff to establish that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods

for the fair and efficient adjudication of the controversy." The court will address each of these two requirements separately.

i.  Predominance

"When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon,* 150 F.3d at 1022 (internal quotations omitted); *see also Culinary/Bartender Trust Fund,* 244 F.3d at 1162. "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *See Valentino,* 97 F.3d at 1234. Thus, the Court must determine whether common issues constitute such a significant aspect of the action that "there is a clear justification for handling the dispute on a representative rather than on an individual basis." 7A Wright, Miller, & Kane § 1778 (3d ed.2005). The predominance question "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 623, 117 S.Ct. 2231. The legal and factual issues of each class members' claims need not be identical, but the proposed class should be "sufficiently cohesive to warrant adjudication by representation." *Culinary/Bartender Trust Fund,* 244 F.3d at 1162 (quoting *Amchem,* 521 U.S. at 623, 117 S.Ct. 2231).

When a consumer class action claims "wrongful business practices of one or a group of defendants[,] . . . the question whether defendant engaged in an improper course of conduct typically will be the same for all class members and, as a result, common questions will predominate." 7AA Fed. Prac. & Proc. Civ. § 1782 (3d ed.). This is especially true in this case, where Plaintiffs' allegations are based in the CLRA, UCL, and FAL. California's UCL, "FAL and CLRA rely on the same objective test, that is, whether 'members of the public are likely to be deceived.' " *Bruno v. Quten Research Inst., LLC,* 280 F.R.D. 524, 532 (C.D.Cal.2011) (quoting *In re Tobacco II Cases,* 46 Cal.4th 298, 312, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009)); *see also Stearns v. Ticketmaster Corp.,* 655 F.3d 1013, 1022 (9th Cir.2011) (holding that, under CLRA, "[c]ausation, on a classwide basis, may be established by *materiality,*" meaning that "[i]f

the trial court finds that material misrepresentations have been made to the entire class, an inference of reliance arises as to the class"). This objective test renders claims under the UCL, FAL, and CLRA ideal for class certification because they will not require the court to investigate "class members' individual interaction with the product." *Bruno v. Quten Research Inst., LLC,* 280 F.R.D. 524, 535 (C.D.Cal.2011); *Yumul v. Smart Balance, Inc.,* 733 F.Supp.2d 1117, 1125 (C.D.Cal.2010) ("California courts have held that reasonable reliance is not an element of claims under the UCL, FAL, and CLRA.").

It is therefore common for California district courts to certify consumer class actions based on alleged violations of the CLRA, FAL, and UCL.  *See e.g., Keegan v. Am. Honda Motor Co., Inc.,* 284 F.R.D. 504 (certifying "a California UCL/CLRA class of purchasers" of vehicles); *Bruno v. Eckhart Corp.,* 280 F.R.D. 540, 547 (C.D.Cal.2012) (denying reconsideration of nationwide class certified under California's UCL, FAL, and CLRA and noting that "[d]istrict courts routinely apply the ... California Consumers Legal Remedies Act (CLRA) and Unfair Competition Law (UCL) ... to nationwide classes"); *Chavez v. Blue Sky Natural Beverage Co.,* 268 F.R.D. 365, 375–80 (N.D.Cal.2010) (certifying class under California's CLRA and UCL); *Parkinson v. Hyundai Motor Am.,* 258 F.R.D. 580, 589 (C.D.Cal.2008) (same).

Plaintiff claims that common legal and factual issues predominate because Plaintiff alleges that Defendant failed to disclose the invisible flame and risk of "vapor flash fires." Plaintiff argues that individualized inquiries as to materiality are unnecessary because Defendant omitted proper warnings from all product packaging, and that individualized inquiries as to reliance and causation are unnecessary because Plaintiff alleges materiality.  The Court agrees. In this case, the fundamental question underlying all three claims is whether Defendant made misleading omissions on its product packaging.  There is some chance the Plaintiff could run afoul of *Mazza*, which prevents class certification when advertisements or representations were widely varied among the class.  *See Mazza v. Am. Honda Motor Co., Inc.,* 666 F.3d 581, 595 (9th Cir.2012).  If it is impossible to know which representations individual class members may

have seen, reliance is more properly an individualized inquiry. In this case, Plaintiff displays several different product labels used by Defendant, but does not specify whether these are the full range of labels, or how many different products were produced with Defendant's Fuel Gel. Because Plaintiff relies on labels Defendant produced, and all of them lack Plaintiff's allegedly material information, this is not a case in which the logic of *Mazza* should control. *See Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 482 (C.D. Cal. 2012) *leave to appeal denied,* 13-80000, 2013 WL 1395690 (9th Cir. Apr. 1, 2013).

Because all three causes of action rely on the same essential factual and legal questions, common questions predominate under Rule 23(b)(3). Therefore, the class claims here are very much appropriate for representative litigation.

### ii. Superiority

The second prong of the analysis under Rule 23(b)(3) also requires a finding that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). This superiority requirement is met "[w]here recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis." *Wolin v. Jaguar Land Rover North Am., LLC,* 617 F.3d 1168, 1175 (9th Cir. 2010). The four factors of Rule 23(b)(3) require the Court to "focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Zinser*, 253 F.3d at 1190 (quoting 7A Federal Practice and Procedure § 1780 at 562)).

First, where the damages suffered by each individual class member are small, there is little interest in controlling an individual lawsuit. *Id*. The cost of each individual bottle of Fuel Gel is too small to warrant litigating these issues separately. *See Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 486 (C.D. Cal. 2012); *Chavez*, 268 F.R.D. at 379. This weighs in favor of class litigation.

Second, there do appear to be a number of individual claims nationwide addressing exactly the same issues here.  A brief PACER search revealed to the Court at least eight lawsuits initiated in different federal jurisdictions alleging claims on behalf of severely injured individuals.  This suggests that claims of serious injury, rather than simple deceptive marketing, are not necessarily amenable to class litigation in this case.  *See Zinser*, 253 F.3d at 1191.  As this type of plaintiff is excluded from the class based on its definition, this does not hinder certification.  This factor weighs in favor of certification.

The third factor is essentially neutral.  There is no clear indication that these claims are more or less appropriate for litigation in this forum over another.  The class is exclusively a California class, and the claims are exclusively California claims.  There is no indication that any other forum is more appropriate.

The fourth factor addresses "the difficulties likely to be encountered in the management of a class action."  Fed. R. Civ. P. 23(b)(3)(D).  There are no apparent issues in managing the proposed class, as the mechanism of the deception is likely to be the same for all class members.  This factor thus weighs in favor of certification.  Based on the foregoing, the Court finds that Plaintiff has satisfied the superiority requirement of Rule 23(b)(3).

## IV.    Disposition

Having determined that plaintiff has satisfied the Rule 23 requirements for class certification, the court appoints plaintiff Meryl Overton as representative of the following class:

All persons who, in the State of California, purchased a bottle of Fuel Gel manufactured, sold, or distributed by Defendant Bird Brain, Inc., excluding persons with any claims for personal injury or property damage.

Having considered the work plaintiff's counsel has done in identifying or investigating potential claims in the action and litigating these claims in this court, counsel's representation as to their experience in handling class actions and other complex litigation, counsel's knowledge of the

1   applicable law as evidenced by their experience and briefs submitted in this action, and the

2   resources that counsel will commit to representing the class, the court also appoints Kiesel Law,

3   LLP as Liaison Counsel, and appoints Horwitz, Horwitz & Paradis as Lead Counsel pursuant to

4   Rule 23(g)(1).

5

6          DATED: December 23, 2013

7

8          _____

9                   DAVID O. CARTER

10             UNITED STATES DISTRICT JUDGE