Paul R. Kiesel (SBN 119854)
kiesel@kbla.com
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

Paul O. Paradis
Gina M. Tufaro
HORWITZ, HORWITZ & PARADIS,
ATTORNEYS AT LAW
570 Seventh Avenue, 20th Floor
New York, NY 10018
Telephone: (212) 986-4500
Facsimile: (212) 986-4501

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERYL OVERTON, individually and on behalf of all others similarly situated,<br><br>             **Plaintiff,**<br><br>    v.<br><br>BIRD BRAIN INC.,<br><br>A Michigan Corporation.<br><br>             **Defendant.** | CASE NO.: SACV11-1054 DOC (ANx)<br><br>Hon. David O. Carter<br><br>**NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**<br><br>**Judge: David O. Carter<br>Courtroom: 9D, Santa Ana<br>Date: March 17, 2014<br>Time: 8:30 a.m.** |

NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL

1
2
3
4
5
6
7
8
9
10
11
12
13

**PLEASE TAKE NOTICE THAT**, on March 17, 2014, at 8:30 a.m., in Courtroom 9D, of the United States District Court, located at 411 W. Fourth Street, Santa Ana, CA 92701, or as soon as this matter may be heard, Plaintiff Meryl Overton ("Plaintiff") will respectfully move this Court for an order dismissing all claims against Defendant Bird Brain, Inc. ("Defendant" or "Bird Brain") without prejudice pursuant to Rules 23 and 41 of the Federal Rules of Civil Procedure ("Rule 41" and "Rule 23", respectively).

The grounds for this motion are described in more detail in the accompanying memorandum of law and declaration of Gina M. Tufaro, which are filed herewith. Due to Defendant's failure to obtain counsel in violation of this Court's July 9, 2012 Order, which remains ongoing, Plaintiff was prevented from complying with Local Rule 7-3.

14

Dated:  February 14, 2014          Respectfully Submitted,

15
16

        **HORWITZ, HORWITZ & PARADIS**
        **ATTORNEYS AT LAW**

17
18
19
20
21

By:   /s/ Gina M. Tufaro
      Paul O. Paradis
      Gina M. Tufaro
      570 Seventh Avenue, 20th Floor
      New York, NY 10018
      Telephone:  (212) 986-4500

22
23
24
25

**KIESEL LAW LLP**
Paul R. Kiesel (SBN 119854)
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Telephone:  (310) 854-4444

26
27

*Attorneys for Plaintiff*

28

---

1

NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL

## MEMORANDUM OF LAW

## INTRODUCTION

Plaintiff respectfully moves this Court for an Order pursuant to Rule 23(e) and Rule 41(a)(2) dismissing all claims against Defendant without prejudice.

## STATEMENT OF FACTS

On July 11, 2011, Plaintiff filed this putative class action against Defendant for claims arising out of Defendant's sale of its pourable fuel gel products, which is used in fuel gel pots and other decorative lighting devices. Plaintiff's initial Class Action Complaint alleged violations of the (i) California Consumer Legal Remedies Act for Injunctive Relief (the "CLRA"); (ii) California Business & Professions Code §§ 17200 et seq. (the "UCL"); (iii) False Advertising Law § 17500 (the "FAL"); and, in the alternative, unjust enrichment/restitution. On September 1, 2011, Plaintiff filed an amended complaint alleging substantially similar claims.

Since July 9, 2012, Defendant has refused to participate in this litigation. On August 27, 2013, the Clerk of the Court entered a default against Defendant. *See* Entry of Default, August 28, 2013 (Dkt. 69). On November 18, 2013, Plaintiff moved for class certification, which this Court granted on December 23, 2013.

On February 7, 2014, Plaintiff instructed Plaintiff's counsel to dismiss this action and all claims against Defendant without prejudice.

Accordingly, Plaintiff moves this Court for an Order pursuant to Rule 23(e) and Rule 41(a)(2) dismissing all claims against Defendant without prejudice.

## ARGUMENT

Federal Rules of Civil Procedure 23(e) and 41(a)(2) provide that a class action in which the court has previously certified a class may, upon order of the court, be dismissed at the plaintiff's request on terms that the court considers proper. While Fed. R. Civ. P. 23 typically requires that notice of the dismissal be given, it is within the court's discretion to forgo notice if it is unlikely that the class members would be prejudiced by a lack of notice. *Schemmer v. Chartone, Inc.*, 2008 U.S. Dist. LEXIS 3502, at *3 (N.D. Oh. April 29, 2008).

In determining whether such a class action may be dismissed without the need for class-wide notice, the primary factor considered by courts is the amount of publicity that the lawsuit may or may not have previously garnered. *Id*. at *4. Where, as here, neither the lawsuit, nor the fact that a class is been certified, has previously received any meaningful publicity, courts have held that the action may be dismissed without the need for class-wide notice. *Id*. at *4-5. *See also Anderberg v. Masonite Corp.*, 176 F.R.D. 682, 690 (N.D. Ga. 1997).

As set forth in the accompanying Declaration of Gina M. Tufaro in Support of Plaintiff's Motion for Voluntary Dismissal (the "Tufaro Declaration"), this lawsuit has received little publicity. Plaintiff's counsel has conducted a series of

independent searches on the internet and found only minor references to the litigation, all of which were posted *before* the Court certified the class. Tufaro Decl. ¶¶ 3-8. In particular, Plaintiff's counsel conducted four internet searches on www.google.com ("Google"), which yielded only minor references to this action. For example, Plaintiff's counsel conducted a search on Google using the terms "Overton and Bird Brain," which yielded only 2 unique hits, including one article concerning the Court's ruling on the motion to dismiss and citation to the docket. Tufaro Decl. ¶ 5. Additionally, Plaintiff's counsel conducted a search on Google using the terms "Meryl Overton and class action," which yielded only three unique hits, two to the docket for this action and one to this Court's calendar. Tufaro Decl. ¶ 6. Finally, Plaintiff's counsel conducted a search on Google using the terms "fuel gel and class action," which did not yield any relevant hits. Tufaro Decl. ¶ 7. In light of the fact that neither the lawsuit, nor the fact that a class is been certified, has previously received any meaningful publicity, dismissal of this lawsuit without the need for class-wide notice is appropriate. *Schemmer*, 2008 U.S. Dist. LEXIS 3502, at *4.

Courts also look to the nature of the dismissal when determining whether notice of the dismissal is necessary. *See Joseph v Am. Modification Agency*, 2012 U.S. Dist. LEXIS 115955, *12 (S.D.N.Y. Aug. 16, 2012). "Where…the proposal is to dismiss the claims without prejudice and the class is not bound by any

4
NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL

determination, notice may not be required." *Id.* at *12-13. *See also Newby v. Enron Corp.*, MDL 1446, 2007 U.S. Dist. LEXIS 5111, at *3 (S.D. Tex. Jan. 24, 2007) (concluding that notice to the absent class members is not required for voluntary dismissal under Rule 23(e) where the dismissal is without prejudice and "there is no resolution of any claims on the merits that would bind absent class members.").

Here, Plaintiff seeks a dismissal "without prejudice." Furthermore, because the Clerk of the Court entered a default in light of Defendant's continued failure to appear, there has been no determination on the merits "that would bind absent class members." *Newby*, 2007 U.S. Dist. LEXIS 5111, at *3.

Finally, a court may consider whether the dismissal involves any release of claims in determining whether notice of the dismissal is required. *Joseph*, 2012 U.S. Dist. LEXIS 115955, at *10. Here, neither party seeks a release in exchange for the dismissal. Tufaro Decl. ¶ 9. Accordingly, dismissal without notice is warranted.

## **CONCLUSION**

Because neither the lawsuit, nor the fact that a class been certified, has previously received any meaningful publicity and because the requested dismissal is without prejudice, will not bind absent Class members, and no release is sought, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Voluntary

Dismissal and dismiss this action against Defendant without prejudice and without the need to provide notice of the dismissal to members of the class.

DATED: February 14, 2014        Respectfully Submitted,

        **HORWITZ, HORWITZ & PARADIS**
        **ATTORNEYS AT LAW**

By:   /s/ Gina M. Tufaro
      Paul O. Paradis
      Gina M. Tufaro
      570 Seventh Avenue, 20th Floor
      New York, NY 10018
      Telephone:  (212) 986-4500

**KIESEL LAW LLP**
Paul R. Kiesel (SBN 119854)
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Telephone:  (310) 854-4444

*Attorneys for Plaintiff*